IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF

VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| In the Matter of the Seizure of Domain Names: | ) | |
| | ) | |
| FLOWACTIVO.CO | ) | |
| MP3TECA.WS | ) | Case No. 1:22-SW-330 |
| | ) | |
| In the Matter of the Seizure of Domain Names: | ) | |
| | ) | |
| COROURBANOS.COM | ) | |
| COROURBANO.COM | ) | Case No. 1:22-SW-331 |
| PAUTAMP3.COM | ) | |
| SIMP3.COM | ) | |

## AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT

I, Duane D. Carter, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1.      I am a Special Agent with U.S. Immigration and Customs Enforcement ("ICE"),

Homeland Security Investigations ("HSI"), and I have been so employed since May 2006.  I am

currently assigned to the Intellectual Property Rights/Trade Fraud Group in the HSI Washington,

DC field office.  I have 26 years of law enforcement experience including being a United States

Customs Inspector in the Port of Detroit.  As an HSI Special Agent, I have gained knowledge of

the laws and regulations relating to counterfeit goods, trade fraud, and copyright violations.  I

also have knowledge of unlawful importation and exportation of merchandise and contraband

into and out of the United States.  As such, I have investigated or assisted in the investigation of

numerous cases involving narcotics smuggling, financial crimes, child exploitation, and other

violations of federal and state law.  I have received both formal and informal training from HSI

1

and other sources regarding Intellectual Property Rights, Trade Fraud, and copyright infringement investigations.  During the investigation of these cases, I have participated in the execution of numerous arrests, search warrants, and seizure of evidence.

2.      The facts in this affidavit come from my personal observations, my training and experience, information obtained from other agents and witnesses, and information obtained from professional investigators working on behalf of copyright rightsholders.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.

3.      As set forth below, there is probable cause to believe that FLOWACTIVO.CO, COROURBANOS.COM/COROURBANO.COM, MP3TECA.WS, PAUTAMP3.COM, and SIMP3.COM (collectively "SUBJECT DOMAIN NAMES") are subject to seizure and forfeiture.  Specifically, the SUBJECT DOMAIN NAMES are subject to seizure and forfeiture as property used or intended to be used to commit or facilitate criminal infringement of copyrights in violation of 17 U.S.C. § 506(a), by the unauthorized reproduction and distribution of copyrighted works (18 U.S.C. § 2319); and/or the distribution of a work being prepared for commercial distribution, by making it available on a computer network accessible to members of the public (17 U.S.C. § 506(a)(1)(C) and 18 U.S.C. § 2319(d)) (collectively, "SUBJECT OFFENSES"), and are therefore subject to seizure and forfeiture pursuant to 18 U.S.C. § 2323(a)(1)(A)-(B) and (b)(1).

4.      The procedure by which the government will seize the SUBJECT DOMAIN NAMES is described in Attachment A, incorporated herein by this reference, and set forth below.

**<u>BACKGROUND ON DOMAIN NAMES</u>**

5.      Based on my training and experience and information learned from others, I am

2

aware of the following:

6.     <u>Internet Protocol Address</u>:  An Internet Protocol address (IP address) is a unique numeric address used by computers on the Internet.  An IP Address is a series of four numbers, each in the range 0-255, separated by periods (<u>e.g.</u>, 121.56.97.178).  Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination.  An IP address acts much like a home or business street address – it enables computers connected to the Internet to properly route traffic to each other.  The assignment of IP addresses to computers connected to the Internet is controlled by Internet Service Providers (ISPs).

7.     <u>Uniform Resource Locator</u>:  A Uniform Resource Locator (URL), sometimes called a web address, is a structured identifier that contains information about the location of a particular resource on a computer network and how to access it.  A URL for a publicly available webpage typically includes a reference to a particular network protocol (<u>e.g.</u>, "http"), the address or name of the computer to be accessed (<u>e.g.</u>, "www.justice.gov"), and a reference to the webpage (<u>e.g.</u>, "/index.html").

8.     <u>Domain Name</u>:  A domain name is a simple, easy-to-remember way for humans to identify computers on the Internet, using a series of characters (<u>e.g.</u>, letters, numbers, or other characters) that correspond with a particular IP address.  For example, "usdoj.gov" and "cnn.com" are domain names.

9.     <u>Domain Name System</u>:  The domain name system ("DNS") is, among other things, a hierarchical convention for domain names.  Domain names are composed of one or more parts or labels, that are delimited by periods, such as "www.example.com."  The hierarchy of domains descends from right to left; each label to the left specifies a subdivision, or

subdomain, of the domain on the right.  The right-most label conveys the "top-level" domain.

For example, the domain name "www.example.com" means that the computer assigned that

name is in the ".com" top-level domain, the "example" second-level domain, and "www." is the

web server.

10.     <u>Domain Name Servers</u>:  DNS servers are computers connected to the Internet that

convert, or resolve, domain names into IP addresses.

11.     <u>Registry</u>:  For each top-level domain (such as ".com"), there is a single company,

called a "registry," that determines which second-level domain resolves to which IP address.  For

instance, the registry for the ".com" and ".net" top-level domain names is VeriSign, Inc.

(Verisign), which has its headquarters at 12061 Bluemont Way, Reston, Virginia, within the

Eastern District of Virginia.  The registry for the ".WS" top-level domain name is Computer

Services Ltd, Samoa.  The registry for the ".CO" top-level domain is CO Internet S.A.S., in

Bogota, Columbia, a subsidiary of Neustar, Inc., in Sterling, Virginia.

12.     <u>Registrar & Registrant</u>: Domain names may be purchased through a registrar,

which acts as the intermediary between the registry and the purchasers of the domain name.  The

individual or business that purchases, or registers, a domain name is called a "registrant."

Registrants control the IP address, and thus the computer, to which their domain name resolves.

Thus, a registrant may easily move a domain name to another computer anywhere in the world.

Registrars typically maintain customer and billing information about the registrants who used

their domain name registration services.

13.     <u>Whois</u>:  A "Whois" search provides publicly available information as to which

entity is responsible for a particular IP address or domain name.  A Whois record for a particular

IP address or domain name will list a range of IP addresses that that IP address falls within and

the entity responsible for that IP address range and domain name.  For example, a Whois record

for the domain name XYZ.COM might list an IP address range of 12.345.67.0 to 12.345.67.99

and list Company ABC as the responsible entity.  In this example, Company ABC would be

responsible for the domain name XYZ.COM and IP addresses 12.345.67.0 to 12.345.67.99.

## PROBABLE CAUSE

14.     Beginning in April 2022, HSI received information from Ltahub—a

representative of Warner Music Group, Universal Music Group, Sony Music Group, and

Interscope Records for content protection matters in Latin America & the Caribbean—about

several of the SUBJECT DOMAIN NAMES.  Ltahub identified the sites as being used to

distribute copyright infringing content, all without the authorization of the copyright holders.

The legal rights to this music content are owned solely or partly by Warner Music Group,

Universal Music Group, Sony Music Group, and Interscope Records.  These owners represent

that they have not granted legal rights of copying of any sort to the websites associated with the

SUBJECT DOMAIN NAMES described in this Affidavit.

15.     In April 2022, HSI received additional information from the International

Federation of the Phonographic Industry ("IFPI") about several of the SUBJECT DOMAIN

NAMES.  IFPI is the organization that represents the interests of the recording industry

worldwide.  IFPI identified several of the SUBJECT DOMAIN NAMES as being used to

distribute copyright-infringing music content without their authorization.  The legal rights to

many of these musical compositions or sound recordings are owned by the IFPI members,

namely Warner Music Group, Universal Music Group, and Sony Music Entertainment.  These

owners also represent that they have not granted legal rights of copying of any sort to the

websites associated with the SUBJECT DOMAIN NAMES described in this Affidavit.

16.      Your affiant has downloaded and reviewed numerous examples of infringing content accessible from each of the SUBJECT DOMAIN NAMES, all from the Eastern District of Virginia.  Each domain was, during the relevant time period, associated with a website offering free access to copyrighted music recordings to website visitors all over the world.

### *FLOWACTIVO.CO*

17.      **FLOWACTIVO.CO** is a website that illegally offers users copyright-protected content.  The site provides copyrighted music content, which is being offered through both streaming and downloading.

18.      On May 10, 2022, your affiant reviewed the website associated with domain **FLOWACTIVO.CO**.  **FLOWACTIVO.CO** makes available to users a vast amount of music content (songs), including those solely available through paid services, such as SoundCloud and Apple Music and other streaming services.  The text displayed on **FLOWACTIVO.CO** is written in Spanish.  According to IFPI's representative for Latin America ("IFPI LatAm") **FLOWACTIVO.CO** has been notified more than 5700 times about copyright violations. Despite these notifications and any removals that may have been made in response to them, **FLOWACTIVO.CO** still maintains a website that has more than 140,000 pages and a monthly audience of approximately 1.6 million visits.

19.      On May 10, 2022, your affiant conducted a search of the website at **FLOWACTIVO.CO** for music artist "Bad Bunny," whose music is distributed by Universal Music Latin Entertainment.  The website **FLOWACTIVO.CO** makes available to users approximately 18 navigable pages, with approximately 21 songs per page of music containing "Bad Bunny."  The songs are available to stream or download.  The following images depict the **FLOWACTIVO.CO** website:





20.     On May 10, 2022, your affiant downloaded a copy of an album by "Bad Bunny," titled "Un Verano Sin Ti (2022)," from **FLOWACTIVO.CO**.  The album contained 23 individual songs, each of which are protected by copyright.  Your affiant has reviewed portions of each downloaded song, and each appeared to be a complete duplicate of the copyrighted work.

21.      The registry for the ".co" top-level domain is located outside of the United States.  A search of publicly available Whois domain name registration records revealed that **FLOWACTIVO.CO** was registered on or about February 14, 2019, through the registrar GoDaddy.com, LLC, which has its headquarters located at 14455 N. Hayden Rd #219, Scottsdale, AZ 85260.

*COROURBANOS.COM and COROURBANO.COM*

22.      **COROURBANOS.COM** and **COROURBANO.COM,** together known as **"COROURBANOS,"** is a website that illegally offers users copyright-protected content.  The site provides copyrighted music content, which is being offered through both streaming and downloading.

23.      On May 10, 2022, your affiant reviewed the website associated with domain **COROURBANOS.COM**, which displays music artist album covers for available music. Approximately 28 different music artists are displayed on the cover page of **COROURBANOS.COM.**  Also displayed on the cover page are dropdown menus to search for music artists by video, news, specific albums, and by record company.  The text displayed on **COROURBANOS.COM** is written in Spanish.

24.      Your affiant conducted a search of the website **COROURBANOS.COM** for the music artist "Maluma."  "Maluma" released an album titled MOJANDO ASIENTOS on Sony Music Latin in March 2022.  The images below and in the following paragraph depict the **COROURBANOS.COM** website and the album MOJANDO ASIENTOS by "Maluma":

8



25.     On **COROURBANOS.COM**, when the user selects content to listen to and clicks on it, the user is directed to a page displaying the content for the music artist selected. Once the user clicks on the album or song, another page appears, and the song will play upon pressing the play icon.  This is depicted in the following two images:





26.     On May 10, 2022, your affiant downloaded a copy of "Maluma's" MOJANDO

ASIENTOS, released on March 24, 2022, from **COROURBANOS.COM**.  Your affiant

reviewed portions of the downloaded copy, which appeared to be a complete duplicate of the

copyrighted work.  According to IFPI LatAm **COROURBANOS.COM** has been notified more

than 2,200 times about copyright violations.  Despite these notifications and any removals that

may have been made in response to them, **COROURBANOS.COM** still maintains a website

that has more than 136,000 pages and a monthly audience of approximately 1.1 million visits.

The registry for the top-level domain ".com" is VeriSign, located at 12061 Bluemont Way, Reston,

VA 20190.  A search of publicly available Whois domain name registration records revealed that

the domain **COROURBANOS.COM** was registered on or about November 11, 2019, through

the registrar GoDaddy.com, LLC, which has its headquarters located at 14455 N. Hayden Rd #219, Scottsdale, AZ 85260.

27.     On May 20, 2022, your affiant conducted an internet search for "**COROURBANO.COM**".  This search resulted in a redirect to the above listed website "**COROURBANOS.COM**".  It is your affiant's experience that the operators of websites that host illegal copyrighted work often purchase multiple websites with very similar names and redirect them to one fully-functioning website.  The domain name **COROURBANO.COM** appears to serve only to redirect traffic to **COROURBANOS.COM**.

28.     The registry for the top-level domain ".com" is VeriSign, located at 12061 Bluemont Way, Reston, VA 20190.  A search of publicly available Whois domain name registration records revealed that the domain **COROURBANO.COM** was registered on or about February 7, 2010, and updated on February 7, 2022, through the registrar GoDaddy.com, LLC, which has its headquarters located at 14455 N. Hayden Rd #219, Scottsdale, AZ 85260.

## *MP3TECA.WS*

29.     On May 10, 2022, your affiant examined the main webpage of the website using domain **MP3TECA.WS**, a website that distributes copyrighted music content via interactive streaming and downloading to any user online.  The following image depicts the **MP3TECA.WS** homepage:

11



30.     On **MP3TECA.WS**, a user can search for music by artist, album, or song title, or browse for songs by genre or other categories.  When the user selects a song, the user has the option to listen to the song by streaming it from the website or downloading it as an .mp3 file to be played offline on an .mp3 player.

31.     According to IFPI LatAm **MP3TECA.WS** has been notified more than 5,276 times about copyright violations.  Despite these notifications and any removals that may have been made in response to them, **MP3TECA.WS** still maintains a website that has more than 18,000 pages and a monthly audience of approximately 1.4 million visits.

32.     On May 10, 2022, your affiant conducted a search of the website at **MP3TECA.WS** for the artist "J Balvin" and selected the album title "J Balvin-JOSE."  The following depicts the page on **MP3TECA.WS** for users to stream or download the song:



33.       On May 10, 2022, your affiant downloaded an .mp3 digital audio file for the

album by J Balvin, titled "JOSE" from **MP3TECA.WS.**  According to IFPI, copyright in

"JOSE" is owned by Universal Music Group and its subsidiaries, and **MP3TECA.WS** is not

licensed or authorized to offer or distribute this content.  Your affiant reviewed portions of the

downloaded audio file, which appeared to be a complete duplicate of the copyrighted work.



34.    The registry for the top-level domain ".ws" is headquartered outside of the

United States.  A search of publicly available Whois domain name registration records revealed

that the domain **MP3TECA.WS** was registered on or about June 4, 2019, through the U.S.-

based registrar GoDaddy.com, LLC located at 14455 North Hayden Rd., Scottsdale, AZ 85260.

*PautaMp3.COM*

35.    On May 13, 2022, your affiant conducted a search of the website at

**PautaMp3.com** for the artist "Maffio" and selected the album title "Mental" by Maffio.

According to IFPI, the copyright owner has not licensed or authorized **PautaMp3.com** to offer

or distribute the album "Mental" or any individual Maffio music tracks.  This album was

released on May 13, 2022, by Sony Music Entertainment.  The following depicts the page on

**PautaMp3.com** for users to stream or download the song:







36.     On May 13, 2022, your affiant downloaded an .mp3 digital audio file for the album "Mental" by the artist Maffio from **PautaMp3.com.**  Your affiant reviewed portions of the downloaded audio files, which appeared to be a complete duplicate of the copyrighted album.

According to IFPI LatAm  **PautaMp3.com** has been notified more than 37,000 times for copyright violations.  Despite these notifications and any removals that may have been made in response to them, **PautaMp3.com** still maintains a website that has more than 137,000 pages and a monthly audience of approximately 680,000 visits.

37.      The registry for the top-level domain ".com" is VeriSign, located at 12061 Bluemont Way, Reston, VA 20190.  A search of publicly available Whois domain name registration records revealed that the domain **PautaMp3.com** was registered on or about July 7, 2020, through the registrar Namecheap.com located at 4600 East Washington Street, Suite 300, Phoenix, AZ 85034.

*SiMp3.COM*

38.      On May 13, 2022, your affiant conducted a search of the website **SiMp3.com** for the artist "Daddy Yankee" and selected the album titled "Legendaddy."  According to an open-source search, the song was released on March 24, 2022, by Universal Music Group.  The following images depict the page on **SiMp3.com** for users to stream or download the song:







39.     On May 13, 2022, your affiant downloaded an .mp3 digital audio file for the album "Legendaddy" by the artist Daddy Yankee from **SiMp3.com**.  Your affiant reviewed portions of the downloaded audio file, which appeared to be a complete duplicate of the copyrighted album.  According to IFPI LatAm **SiMp3.com** has been notified more than 226,000 times for copyright violations.  Despite these notifications and any removals that may have been made in response to them, **SiMp3.com** still maintains a website that has more than 67,000 pages and a monthly audience of approximately 1.8 million visits.

40.     The registry for the top-level domain ".com" is VeriSign, located at 12061

Bluemont Way, Reston, VA 20190.  A search of publicly available Whois domain name

registration records revealed that the domain **SiMp3.com** was registered on or about November

1, 2021, through the registrar Name.com located at 414 14th St, Denver, CO.

*Financial Motive*

41.      In my training and experience, I know that free access to copyright-protected

content can attract heavy viewing traffic, which makes websites offering such content a

potentially lucrative way to serve advertisements.  The SUBJECT DOMAIN NAMES currently

feature such advertising networks and are visited approximately four million times a month.

Based on the pervasive use of advertising on each site, I have probable cause to believe that the

(or a) purpose for distributing the infringing content is private financial gain to these websites'

operators.  Furthermore, because the retail price of an individual song download is

approximately US$1.00 and each of the sites hosted hundreds (if not thousands) of infringing

works, I have probable cause to believe that the total retail value for all works distributed by each

of these sites in the previous 180 days vastly exceeds $2,500.

## STATUTORY BASIS FOR SEIZURE AND FORFEITURE

42.      Title 17, United States Code, Section 506(a)(1) provides, in relevant part, that

"[a]ny person who willfully infringes a copyright shall be punished as provided under section

2319 of Title 18, if the infringement was committed (A) for purposes of commercial advantage

or private financial gain; (B) by the reproduction or distribution, including by electronic means,

during any 180–day period, of 1 or more copies or phonorecords of 1 or more copyrighted works,

which have a total retail value of more than $1,000; or (C) by the distribution of a work being

prepared for commercial distribution, by making it available on a computer network accessible to

members of the public, if such person knew or should have known that the work was intended

for commercial distribution[.]"

43.     Title 18, United States Code, Section 2319(b) provides, in relevant part, that "[a]ny person who commits an offense under section 506(a)(1)(A) of title 17. . . shall be imprisoned" for not more than 5 years "if the offense consists of the reproduction or distribution, including by electronic means, during any 180-day period, of at least 10 copies . . . of 1 or more copyrighted works, which have a total retail value of more than $2,500[.]"

44.     Title 18, United States Code, Section 2319(c) provides, in relevant part, that "[a]ny person who commits an offense under section 506(a)(1)(B) of title 17 . . . shall be imprisoned not more than 3 years . . . if the offense consists of the reproduction or distribution of 10 or more copies . . . of 1 or more copyrighted works, which have a total retail value of $2,500 or more[.]"

45.     Title 18, United States Code, Section 2319(d)(2) provides, in relevant part, that "[a]ny person who commits an offense under section 506(a)(1)(C) . . . shall be imprisoned not more than 5 years, fined under this title, or both, if the offense was committed for purposes of commercial advantage or private financial gain[.]"

46.     Title 18, United States Code, Section 2323(a)(1)(B) provides, in relevant part, that "[a]ny property used, or intended to be used, in any manner or part to commit or facilitate the commission" of an offense under section 506 of Title 17 is subject to civil forfeiture to the United States.  Title 18, United States Code, Section 2323(b) provides that the provisions of chapter 46 of Title 18—that is, Title 18, United States Code, Section 981(b)—"shall extend to any seizure or civil forfeiture under this section."  Title 18, United States Code, Section 2323(b)(1) authorizes criminal forfeiture to the same extent that Section 2323(a) authorizes civil forfeitures.  Further, Title 18, United States Code, Section 2323(b)(2)(A) provides that Title 21, United States Code,

Section 853 provides the procedures for such a criminal forfeiture.

47.     Title 18, United States Code, Section 981(b) authorizes seizure of property subject to civil forfeiture based upon a warrant supported by probable cause.  Title 18, United States Code, Section 981(b)(3) permits the issuance of a seizure warrant by a judicial officer in any district in which a forfeiture action against the property may be filed and may be executed in any district in which the property is found.

48.     Title 18, United States Code, Section 982(b)(1) authorizes the issuance of a criminal seizure warrant under Title 21, United States Code, Section 853(f) which provides in relevant part that a seizure warrant for property subject to forfeiture may be sought in the same manner in which a search warrant may be issued.  A court shall issue a criminal seizure warrant if it determines that the property to be seized would, in the event of a conviction, be subject to forfeiture and that a restraining order would be inadequate to assure the availability of the property for forfeiture.

49.     Neither a restraining order nor an injunction is sufficient to guarantee the availability of the SUBJECT DOMAIN NAMES for forfeiture.  By seizing the SUBJECT DOMAIN NAMES and redirecting them to another website, the Government will prevent third parties from acquiring the names and using them to commit additional crimes.  Furthermore, the seizure of the SUBJECT DOMAIN NAMES will prevent third parties from continuing to access the websites in their present forms.

50.     For civil forfeitures, venue may lie in: (1) any district where any of the acts or omissions giving rise to forfeiture occurred, 28 U.S.C. § 1355(b)(1)(A); (2) any district where the subject property is found, 28 U.S.C. § 1395(b); and/or (3) any district where the subject property is brought. 28 U.S.C. § 1395(c).

21

51.     As set forth above, there is probable cause to believe that the SUBJECT DOMAIN NAMES are subject to civil forfeiture because they were used in the commission of violations of the SUBJECT OFFENSES.  Specifically, the SUBJECT DOMAIN NAMES were involved in—and enabled—the distribution of infringing copyrighted material.

### SEIZURE PROCEDURE

52.     As detailed in Attachment A to the seizure warrants, upon execution of the seizure warrant, the registry for ".com" domains, namely Verisign, and the registrar for the "flowactivo.co" and "mp3teca.ws" domain names, namely GoDaddy, shall restrain and lock the SUBJECT DOMAIN NAMES pending transfer of all right, title, and interest in the SUBJECT DOMAIN NAMES to the United States upon completion of forfeiture proceedings, to ensure that changes to the SUBJECT DOMAIN NAMES cannot be made absent court order or, if forfeited to the United States, without prior consultation with Homeland Security Investigations, U.S. Customs and Border Protection, or the U.S. Department of Justice.

53.     In addition, upon seizure of the SUBJECT DOMAIN NAMES, Verisign and GoDaddy will be directed to associate the SUBJECT DOMAIN NAMES to new authoritative name servers to be designated by a law enforcement agent.  The Government will display a notice on the websites to which the SUBJECT DOMAIN NAMES will resolve, indicating that the sites have been seized pursuant to a warrant issued by this court.

54.     Finally, the U.S.-based registrars of the SUBJECT DOMAIN NAMES will be served with the seizure warrant and directed to modify any records, databases, tables, or documents that are used to identify the owner of the SUBJECT DOMAIN NAMES to reflect the seizure, as further described in Attachment A.

## **CONCLUSION**

55.     For the foregoing reasons, I submit that there is probable cause to believe that the SUBJECT DOMAIN NAMES are used in and/or intended to be used in facilitating and/or committing the SUBJECT OFFENSES.  Accordingly, the SUBJECT DOMAIN NAMES are subject to forfeiture to the United States as detailed above, and I respectfully request that the Court issue warrant for seize the SUBJECT DOMAIN NAMES.

56.     Because the warrants will be served on Verisign and GoDaddy, which control the SUBJECT DOMAIN NAMES, which will thereafter, at a time convenient to them, transfer control of the SUBJECT DOMAIN NAMES to the government, and on any other U.S.-based registrars for those domains, there exists reasonable cause to permit the execution of the requested warrants at any time in the day or night.

Respectfully submitted,

_____
Duane D. Carter
Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
via telephone on this (14th) day of June 2022.

_____
Hon. Theresa C. Buchanan
United States Magistrate Judge

## ATTACHMENT A

## (1:21-SW-330)

With respect to **flowactivo.co** and **Mp3Teca.ws** (collectively, the "**Subject Domain Names**"), GoDaddy.com LLC, which has its headquarters at 1445 N. Hayden Rd. #219, Scottsdale, AZ 85260, who is the domain registrar for the **Subject Domain Name**s, shall take the following action to effectuate the seizure of the **Subject Domain Names**:

1.      Take all reasonable measures to redirect the domain names to substitute server at the direction of the Department of Homeland Security, Homeland Security Investigations (HSI), by associating the **Subject Domain Names** to the following authoritative name-servers:

      a.      ns1.seizedservers.com (IP address 66.212.148.117)

      b.      ns2.seizedservers.com (IP address 66.212.148.118)

2.      Prevent any further modification to, or transfer of, **Subject Domain Names** pending transfer of all right, title, and interest in **Subject Domain Names** to the United States upon completion of forfeiture proceedings, to ensure that changes to the **Subject Domain Names** cannot be made absent court order or, if forfeited to the United States, without prior consultation with HSI, U.S. Customs and Border Protection, or the U.S. Department of Justice.

3.      Take all reasonable measures to propagate the necessary changes through the Domain Name System as quickly as practicable.

4.      Provide reasonable assistance in implementing the Terms of this Order and take no unreasonable action to frustrate the implementation of this Order.

5.      Upon seizure of the **Subject Domain Names**, GoDaddy shall modify any record, databases, table, or documents that are used to identify the owner of the **Subject Domain Names** to reflect the seizure and propagate those changes to any applicable directories or servers

(including but not limited to the Domain Name System and Whois databases).  These changes

relate to the "Technical Contact" and "Administrative Contact" records, among others:

|       |          |                                                                                          |
|-------|----------|------------------------------------------------------------------------------------------|
| (a)   | Name:    | Homeland Security Investigations<br>National Intellectual Property Rights Coordination Center |
| (b)   | Address: | 2451 Crystal Drive, Suite 200<br>Arlington, VA 20598-5105                                 |
|       | Country: | USA                                                                                       |
| (c)   | Telephone: | 1-866-IPR-2060 (477-2060)                                                               |
| (d)   | Email:   | IPRCenter@dhs.gov                                                                         |
| (e)   | Fax:     | 703-603-3872                                                                              |

Any remaining fields shall be changed so they do not reflect any individual or entity.

The Government will display a notice on the website to which the **Subject Domain**

**Names** will resolve.  Those notices will consist of law enforcement emblems and the following

text (or substantially similar text):

"This domain name has been seized by ICE-Homeland Security Investigations pursuant

to a seizure warrant issued by the United States district Court for the Eastern District of Virginia

after a Magistrate Judge found probable cause that the domain was forfeitable pursuant to 18

U.S.C. § 2323.  Notice of forfeiture proceedings for this domain will be issued as set forth by

law."

**ATTACHMENT A**

**(1:21-SW-331)**

With respect to **CoroUrbano.com**, **CoroUrbano.com, Pautamp3.com**, and **SIMP3.com** (collectively, the "**Subject Domain Names**"), Verisign, Inc., which has its headquarters at 12061 Bluemont Way, Reston, VA 20190, who is the domain registry for the **Subject Domain Names**, shall take the following actions to effectuate the seizure of the **Subject Domain Names**:

6.     Take all reasonable measures to redirect the domain names to substitute server at the direction of the Department of Homeland Security, Homeland Security Investigations (HSI), by associating the **Subject Domain Names** to the following authoritative name-servers:

     a.     ns1.seizedservers.com (IP address 66.212.148.117)

     b.     ns2.seizedservers.com (IP address 66.212.148.118)

7.     Prevent any further modification to, or transfer of, **Subject Domain Names** pending transfer of all right, title, and interest in **Subject Domain Names** to the United States upon completion of forfeiture proceedings, to ensure that changes to the **Subject Domain Names** cannot be made absent court order or, if forfeited to the United States, without prior consultation with HSI, U.S. Customs and Border Protection, or the U.S. Department of Justice.

8.     Take all reasonable measures to propagate the necessary changes through the Domain Name System as quickly as practicable.

9.     Provide reasonable assistance in implementing the Terms of this Order and take no unreasonable action to frustrate the implementation of this Order.

10.     Upon seizure of the **Subject Domain Names**, Verisign shall notify the SUBJECT REGISTRARS BASED IN THE UNITED STATED (identified below) of the seizures.  Upon seizure of the **Subject Domain Names**, and the SUBJECT REGISTRAR BASED IN THE

UNITED STATES shall modify any record, databases, table, or documents that are used to identify the owner of the **Subject Domain Names** to reflect the seizure and propagate those changes to any applicable directories or servers (including but not limited to the Domain Name System and Whois databases).  These changes relate to the "Technical Contact" and "Administrative Contact" records, among others:

|  |  |  |  |
|---|---|---|---|
| (f) | Name: | Homeland Security Investigations National Intellectual Property Rights Coordination Center |
| (g) | Address: | 2451 Crystal Drive, Suite 200 Arlington, VA 20598-5105 |
|  | Country: | USA |
| (h) | Telephone: | 1-866-IPR-2060 (477-2060) |
| (i) | Email: | IPRCenter@dhs.gov |
| (j) | Fax: | 703-603-3872 |

Any remaining fields shall be changed so they do not reflect any individual or entity.

### SUBJECT REGISTRAR BASED IN THE UNITED STATES

GoDaddy, LLC                                   (CoroUrbanos.com/CoroUrbano.com)
14455 N. Hayden Rd #219         (SIMP3.com)
Scottsdale, AZ 85260

Namecheap
4600 East Washington Street      (PautaMp3.com)
Suite 300
Phoenix, AZ 85034

The Government will display a notice on the website to which the **Subject Domain Names** will resolve.  Those notices will consist of law enforcement emblems and the following text (or substantially similar text):

"This domain name has been seized by ICE-Homeland Security Investigations pursuant

to a seizure warrant issued by the United States district Court for the Eastern District of Virginia after a Magistrate Judge found probable cause that the domain was forfeitable pursuant to 18 U.S.C. § 2323.  Notice of forfeiture proceedings for this domain will be issued as set forth by law."